IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER E. ROSHON, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 09-597-SLR |
| APPOQUINIMINK SCHOOL DISTRICT, | ) ) ) |
|       Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 24th day of February, 2011, having reviewed plaintiff's motion to amend and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 33) is denied, for the reasons that follow:

1. **Legal standard.** Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Although "[t]he court should freely give leave when justice so requires," *id.*, the court should consider in this regard whether the record reflects "undue delay, bad faith, dilatory motive, prejudice [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2. **Background.** Plaintiff has moved to amend his complaint to include a new defendant (the Human Resources Director for the Appoquinimink School District, hereafter the "HRD") and a new cause of action pursuant to 19 Del. C. § 709, based on plaintiff's allegations that the HRD communicated to third parties "that [plaintiff] used the

'n' word with a co-worker who was African American, that the District was in litigation with [plaintiff] in federal court, that [plaintiff] violated the District's harassment policy and that [plaintiff] had difficulties with co-workers." (D.I. 33, ex. 1, ¶ 36) Without characterizing these communications as false or misleading, plaintiff further alleges that said communications "were rendered with malicious purpose, [were] punitive and made with the intent to damage [plaintiff's] professional reputation, prevent him from securing alternative employment, to inflict further pain and suffering on [plaintiff]." (*Id.* at ¶ 74)

3. Section 709(a) of Title 19 of the Delaware Code provides as follows:

> (a) An employer or any person employed by the employer who discloses information about a current or former employee's job performance to a prospective employer is presumed to be acting in good faith; and unless lack of good faith is shown, is immune from civil liability for such disclosure or its consequences. For purposes of this section, the presumption of good faith may be rebutted upon a showing that the information disclosed by such employer was knowingly false, was deliberately misleading or was rendered with malicious purpose; or that the information was disclosed in violation of a nondisclosure agreement, or was otherwise confidential according to applicable federal, State or local statute, rule or regulation.

4. **Analysis.** Contrary to plaintiff's position, § 709(a) does not create a private cause of action. Rather, it is intended to supplement the common law defense of privilege by creating a more expansive statutory immunity from pre-existing civil liability for a class of socially-beneficial communications. In other words, § 709 was intended to protect employers who give detailed employment references, not to create an entirely new basis of employer liability.

5. This view is supported by the only case discussing § 709, *Eaton v. Miller Brewing Co.*, Civ. No. S07C-08-033, 2009 WL 1277991 (Del. Super. April 30, 2009).

2

The plaintiff in *Eaton* accused his former employer of making defamatory statements about him. The former employer relied on the qualified privilege described in § 709 as a defense to the defamation claim, and sought dismissal of the claim. The court denied the motion to dismiss, reasoning that the applicability of the qualified privilege described in § 709 should be vetted through discovery in order to determine whether the communications at issue were "knowingly false, deliberately misleading, or rendered with malicious purpose." *Id.* at *3.[1]

6. Given that there is no decision characterizing § 709 as creating a private cause of action,[2] plaintiff's motion to amend to add a claim based on § 709 is futile and, therefore, shall be denied.

                                                                     _____
                                                                     United States District Judge

---

[1] The court in *Eaton* found support for its conclusion in *Burr v. Atlantic Aviation Corp.*, 348 A.2d 179 (Del. 1975), a libel and slander suit where the Delaware Supreme Court held that "[t]he question [of] whether a conditional privilege has been abused by malice or intent to harm ordinarily is a factual question for the jury." *Eaton*, 2009 WL 1277991 at *3 (citing *Burr*, 348 A.2d at 181). Again, the relevance of this decision is that the claim was grounded in libel and slander; the conditional privilege was simply a defense to the claim.

[2] Plaintiff argues that 19 Del. C. § 701(b) "provides for a cause of action for violations of Chapter 7 [by stating that] '[a]ny employer, whether an individual, member of a firm, agent or officer of a corporation, who shall knowingly violate **this section** shall be subject to a civil penalty of not less than $1,000 nor more than $5,000 for each violation. A civil penalty claim may be filed in any court of competent jurisdiction.'" (D.I. 38 at 3-4 (emphasis added). The phrase "this section," however, can only refer to violations of § 701 (§ 701(a) prohibits employers from paying any employee's loan carrying an excessive interest rate), not to violations of any and all provisions of Chapter 7. Consequently, the text of § 701(b) adds nothing of merit to plaintiff's argument.